FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ 24 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

IN RE DAVID ROMERO

------------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

**MEMORANDUM AND ORDER**

07-CV-0862 (ARR)

ROSS, United States District Judge:

On February 5, 2007, David Romero ("Romero") filed a document with the Court which he described as a "lien," and in which he requested that "this process [be] reviewed by a competent judicial officer for its soundness." The Clerk of Court was directed to assign a civil docket number to this case, solely for the purpose of this Order.[1] For the reasons set forth below, Romero's request to file a lien and his request for review are denied.

## Romero's Submission

The document received by the Court consists of a letter addressed to the Clerk of Court and 43 pages of unnumbered exhibits.[2] Although it is not entirely clear from the submission, it appears that Romero is involved in a financial dispute with HSBC Mortgage Corp. ("HSBC"), involving its intended foreclosure of his property. (See Submission at 1, March 27, 2006 Letter to Carlene Gonzalez.) The exhibits consist of numerous documents addressed to Carlene Gonzalez ("Gonzalez"), whom Romero describes as an agent of HSBC and refers to as "Lien

---

[1] At Romero's request, the Court initially assigned a Miscellaneous docket number, 07-mc-048. However, the relief Romero seeks would only be available through a civil action. The Clerk of Court has therefore closed the Miscellaneous docket number and re-opened this case with a Civil docket number. No further entries shall be docketed in the Miscellaneous matter.

[2] As the submission and the attached exhibits are not consecutively paginated, the Court has consecutively numbered the pages in the submission and refers to these page numbers, in addition to the captions and dates of individual documents, where available.

Debtor." (See e.g. Submission at 20, 30.) Romero refers to himself, alternately, as "Lien Claimant," "Secured Party, " and "Supreme Sovereign." (See e.g. Submission at 2, 11, 16.) These documents purport to be several "Certificates of Non-Response (Dishonor)," "Notice Fault and Opportunity to Cure," "Affidavit of Notice of Default," "Lien Documents," "Private Security Agreement," "True Bill & Affidavit: Plain Statement of Fact," "UCC Financing Statement," "Acknowledgment of Initial Financing Statement," "Affidavit of Sovereignty," "Billing Statement," "Affidavit in Support of Claim of Lien: Affidavit of Obligation," "Notice and Entry of Default by Affidavit," "Public Notice: Notice of Lien Default," and "Notice of Final Entry and Res Judicata by Default." (See Submission at 7, 8, 10, 11, 15, 16, 20, 21, 25, 26, 27, 29, 30, 37, 39, 41, 43.)

Nowhere among these exhibits does the Court find any contract or other document executed by HSBC or Gonzalez, nor any validly executed lien on any property. The alleged "Billing Statement" itemizes sums for "Lis Pendens (unlawful)," "False Entry (misprocess)," "Extortion (theft)," "Mail Fraud (constructive fraud)," "Racketeering (unlawful economic advantage)," and "Damages sustained through violation of Unalienable rights secured by Amendment IV, Constitution for the (u)nited States of America," totaling 50 million dollars allegedly owed to Romero by "Debtor: Carlene Gonzalez-Agent/HSBC Mortgage Corp." (Submission at 29.) Romero presents no claim or contract that would support such an invoice.

Nonetheless, it appears that Romero has attempted to register the alleged lien, by filing a UCC Financing Statement with the Department of Licensing of the State of Washington. (Submission at 25; "UCC Financing Statement.") The standard form names Gonzalez as debtor and names Romero as the secured party. In the space for listing collateral appears "All personal

judgements, Fifty Million Dollars, lawful money. Any and all savings accounts, bank accounts, personal and private property . . . stocks, bonds, insurance . . . retirement accounts . . . inheritance . . . tangible and intangible property . . ." and the like. In a space labeled "Optional Filer Reference Data," appears the notation "Required Signiture(s) [*sic*] Carlene Gonzalez: By:" It does not contain any signature purporting to be that of Gonzalez. (Id.) It seems that the State of Washington accepted Romero's filing, as the next attachment is labeled "Acknowledgment of Initial Financing Statement" and is signed by Elizabeth Luce, Director, Department of Licensing. (Id. at 26.)

### No Basis for Filing a Lien

Having carefully reviewed Romero's documents, this Court can find no legitimate basis for his "Notice and Entry of Default," nor any other purported claim or default by HSBC or Gonzalez. Indeed, it appears that Romero's alleged "lien" for $50 million is concocted from Romero's own assertion that HSBC and "Lien Debtor" Gonzalez somehow owe him a response to his claim that he is a "Lien Claimant," "Secured Party," and "Supreme Sovereign." Although it seems that Romero has filed a UCC Financing Statement that was accepted by the Department of Licensing for the State of Washington, there appears to be no legal or factual basis for this filing. Nor has Romero cited any basis for his representation to this Court that Gonzalez or HSBC has entered into a "Consensual Obligation," "Consensual Commercial Lien," or "a private contract formed between two Parties, 'Lien Claimant' and 'Lien Debtor.'" (Submission at 2, Feb. 5, 2007 Letter to the Clerk of Court; Submission at 30, "Affidavit in Support of Claim of Lien.") See Bush v. Danzier, No. 06 Civ. 5529 (PKC), 2006 WL 3019572, at *11 (S.D.N.Y. Oct. 23, 2006) (finding that plaintiff's lien filings against government officials were undertaken

in bad faith and enjoining her from future fraudulent filings); United States v. Orrego, No. 04 CV 0008 (SJ), 2004 WL 1447954 (E.D.N.Y. June 22, 2004) (finding that defendant has "devised an ongoing scheme that consists of demanding payment for debts not owed and filing liens for which he knows no legal basis exists;" declaring all liens null, void, and of no legal effect; enjoining defendant from filing future liens without leave of the Court; and imposing statutory and civil damages in the amount of $5,500). Accordingly, Romero's attempt to file a lien with the District Court is rejected.

Furthermore, Romero's citation to the Uniform Commercial Code ("UCC")[3] and his use of Washington State's filing system to perpetrate a fraudulent "obligation" is at best ineffective, and at worst, actionable. The UCC permits filing an initial financing statement only if the debtor authorizes the filing or is bound by a security agreement. See UCC § 9-509. The security interest is enforceable against the debtor and third parties only if value has been given and the debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party. See UCC § 9-203(b). As is readily apparent from Romero's alleged "Notice of Default" and other documents, there is no legitimate underlying obligation nor debtor-authenticated security agreement upon which to base the alleged security interest on Gonzalez's property.

Should Romero or another party attempt to enforce a fraudulent security interest against Gonzalez, she is not without recourse. The UCC provides that a person who believes that a record is inaccurate or was wrongfully filed may herself file a correction statement, UCC § 9-

---

[3] Although each state has enacted the UCC in slightly different forms, this Court need not consider the variations between the laws in the states of New York and Washington, as there is no request to enforce the provisions of the UCC. Accordingly, the Court cites to the UCC, rather than to the New York Uniform Commercial Code or the Revised Code of Washington.

4

518, or require the secured party of record to file a termination statement if "(1) there is no obligation secured by the collateral covered by the financing statement and no commitment to make an advance, incur an obligation, or otherwise give value; or [2] the debtor did not authorize the filing of the initial financing statement." UCC §9-513.

Moreover, when an individual files a financing statement that he is not entitled to file, he may be liable for damages in the amount of any loss caused by a failure to comply with Article 9 of the UCC. UCC § 9-625(b). In addition, the alleged debtor may collect $500 in statutory damages from a person who fails to comply with certain sections of the UCC, such as, for example, filing a record that he is not entitled to file under § 9-509(a). UCC § 9-625(e); Orrego, 2004 WL 1447954, at *3-4. As Gonzalez is not named as a party in this action, and as she has not sought federal court relief from Romero's actions, this Court need not consider whether damages against Romero are appropriate at this time.

## No Basis for District Court Review

On the basis of Romero's submission, the Court finds no basis for a civil action in the United States District Court. In order to seek court review, a plaintiff must file a complaint. Even if the Court were to liberally construe Romero's submission as a complaint, it would be deficient, as it fails to comply with Rule 8 of the Federal Rules of Civil Procedure or specify a basis for this Court's subject matter jurisdiction. Rule 8 provides that, in order to state a claim for relief, a complaint must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Rule 8(e)(1) requires that "[e]ach averment of a pleading shall be simple,

concise, and direct." The purpose of Rule 8 is to give a defendant fair notice of the claim or claims asserted so as to enable him or her to answer and prepare for trial. See Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). "When a complaint fails to comply with these requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint." Id. (citing Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)). Plaintiff's submission fails to conform to the dictates of Rule 8.

This Court, cognizant that *pro se* complaints must be read liberally, see McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004), and that leave to amend such complaints must be granted if "a liberal reading of the complaint gives any indication that a valid claim might be stated," Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)), has considered affording plaintiff an opportunity to amend, see Foman v. Davis, 371 U.S. 178, 182 (1962). However, because the deficiencies are not such that could be cured by amendment, the Court concludes that it would be futile to grant leave to amend the submission. See O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 69 (2d Cir. 2002).

## CONCLUSION

For the reasons set forth above, Romero's submission seeking to enforce an alleged lien is denied, and the civil action is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.

SO ORDERED.

/S/
_____
ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
April 23, 2007

7

SERVICE LIST:

David Romero
P.O. Box 37018
Elmont, NY 11003-7018


Carlene Gonzalez
c/o HSBC Mortgage Corp.
2929 Walden Avenue
Depew, NY 14043